**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARRION LARRY ALEXANDER,

      Plaintiff-Appellant,

  v.

G. YBARRA, Correctional Sergeant at CCI;
et al.,

      Defendants-Appellees.

No. 19-15025

D.C. No. 1:17-cv-00804-DAD-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

California state prisoner Darrion Larry Alexander appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Alexander failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act ("PLRA") and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the PLRA requires "proper exhaustion," which means "using all steps the agency holds out, and doing so *properly*" (citation and internal quotation marks omitted)); *Booth v. Churner*, 532 U.S. 731, 739 (2001) (a prisoner must fully exhaust administrative remedies "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible"); *see also Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (describing the limited circumstances under which administrative remedies may be effectively unavailable).

We reject as meritless Alexander's contention that he exhausted administrative remedies through his participation in a video interview with prison officials.  *See Panaro v. City of N. Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005) ("[P]articipating in an internal affairs investigation does not by itself satisfy the exhaustion requirement of the PLRA").

Contrary to Alexander's contention, the district court's failure to provide him with the deadline to oppose summary judgment was not reversible error where

Alexander filed a substantive response to the magistrate judge's report and recommendation and the district court considered his response. *See Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1159 (9th Cir. 2013).

**AFFIRMED.**